IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Cory Lewis,<br><br>    Petitioner,<br><br>v.<br><br>Charles L Ryan, et al.,<br><br>    Respondents. | No. CV-18-04922-PHX-DLR (MTM)<br><br>**ORDER** |

Before the Court is the Report and Recommendation ("R&R") of Magistrate Judge Michael T. Morrissey (Doc. 44) regarding Petitioner's Amended Petition for Writ of Habeas Corpus (the "Amended Petition") filed pursuant to 28 U.S.C. § 2254 (Doc. 22) and his Motion for Evidentiary Hearing (Doc. 39). The R&R recommends that the Amended Petition and the Motion for Evidentiary Hearing be denied and that the Amended Petition be dismissed with prejudice. The magistrate judge advised the parties that they had fourteen days from the date of service of a copy of the R&R to file specific written objections with the Court. Petitioner filed an objection to the R&R on September 24, 2020 (Doc. 45) and Respondents filed their response on October 8, 202 (Doc. 46). The Court has considered the objections and reviewed the R&R de novo. *See* Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1).

Of the eight grounds for relief asserted, the R&R found that seven were procedurally defaulted or not cognizable on habeas relief; it found the final remaining ground—claiming that Petitioner was coerced into accepting a plea by violent conditions while detained—

meritless. Petitioner's objection to the R&R argues a variety of issues but rarely objects to any findings. Petitioner's first arguments are not objections but rather attempts to explain the inadequacy of the Amended Petition. Petitioner describes that he was deprived of resources necessary to prepare a petition, alleging he was not provided adequate time, legal assistance, information or access to the courts. These explanations do not excuse the procedural defaults found by the R&R. Any difficulties Petitioner experienced in preparing the Amended Petition are not relevant to the R&R's finding that he failed to exhaust his claims in state court, a failure occurring before his preparation of the Amended Petition.

Petitioner next objects to the R&R's finding that his plea-coercion claim lacks merit. Petitioner explains that he attempted to prove his innocence by volunteering for a risk assessment and lie detector test. He claims his offer was rejected by the state's attorney "because she already kn[ew] the Petitioner is guilty." (Doc. 45 at 2.) Petitioner argues that the attitude of the state's attorney when she rejected his offer, coupled with sleep deprivation, heart attack, and stress associated with the risk of losing his children in family court, resulted in a false admission of guilt.

Petitioner has the burden of proving that his guilty plea was not voluntary and knowing. *Little v. Crawford*, 449 F.3d 1075, 1080 (9th Cir. 2006) (citing *Parke v. Riley*, 506 U.S. 20, 31-34 (1992)). However, the Arizona Court of Appeals ("COA") found that Petitioner's plea was voluntary and not objectively unreasonable, rejecting Petitioner's claim that "debilitating physical and emotional issues rendered his pela involuntary." Particularly, after reviewing the trial court transcript, the COA upheld the trial court's summary rejection of the claim, pointing out that Petitioner was asked and expressly stated that he understood the proceedings. The Court is entitled to rely on statements made during a change of plea proceeding. *Muth v. Fondren*, 575 F. 3d 815, 821 (9th Cir. 2012). The R&R correctly found that the COA analysis is not objectively unreasonable. Petitioner's objection, reiterating the same claims he made of duress in state court and in his Amended Petition, does not add new evidence. His arguments, without new evidence, do not

overcome the statements he made during the change of plea proceedings in which he said he was pleading guilty voluntarily and without coercion. (Doc. 37 at 118-19.)

Petitioner's next argument is not an objection to any conclusion in the R&R. Relying on *May v. Ryan*, 245 F.Supp.3d 1145 (9th Cir. 2017), Petitioner argues that the Court "should at least give [him] relief on those two ARS, by taking the lifetime probation of or be changed to 5 y[ea]rs according to *State v. Boucher* (198) where the State ruled in this case the max sentence is 5 years for a class 3 Felony." (Doc. 45 at 3.) Petitioner's argument lacks support. First, *May* was reversed by *May v. Ryan*, 807 F. App'x. 632 (9th Cir. 2020). Second, the defendant in *Boucher* was sentenced under a different statute than Petitioner, who was sentenced pursuant to A.R.S. § 13-902(E), which provides that probation may be "up to and including life[.]"

Petitioner's subsequent arguments, again, are not objections to any findings in the R&R. Instead, Petitioner asks for the appointment of counsel to help him remedy the Amended Petition's deficiencies and requests 90 days to resubmit a proper habeas petition. Petitioner's arguments do not establish good cause for a stay or the appointment of counsel. Petitioner has shown no good cause for his failure to exhaust his claims in state court and has no hope of prevailing on any of his unexhausted claims as they are plainly meritless.

Turning to Petitioner's Motion for Evidentiary Hearing (Doc. 39), the motion does not show reliance on a new rule of constitutional law or on a factual predicate that could not have been previously discovered through the exercise of due diligence. Moreover, Petitioner's reliance on *May*—a decision that has been reversed—is misplaced. In reversing, the Ninth Circuit specifically noted that it was vacating the district court decision regarding the constitutionality of the Arizona child molestation statute. *May v. Ryan*, 807 F. App'x. at 635.

In sum, the Court finds that the R&R correctly determined that Petitioner is not entitled to habeas relief. The one properly exhausted claim—ground four, subpart g— lacks merit and the remaining claims are procedurally defaulted or not cognizable on federal habeas review. Further, the Court finds that the R&R correctly determined that

Petitioner is not entitled to an evidentiary hearing. The Court therefore accepts the recommended decision within the meaning of Fed. R. Civ. P. 72(b) and overrules Petitioner's objections. *See* 28 U.S.C. § 636(b)(1). Accordingly,

**IT IS ORDERED** that the R&R (Doc. 44) is **ACCEPTED**.

**IT IS FURTHER ORDERED** that Petitioner's Motion for Evidentiary Hearing (Doc. 39) is **DENIED.**

**IT IS FURTHER ORDERED** that Petitioner's Amended Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254 (Doc. 22) is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that a Certificate of Appealability and leave to proceed in forma pauperis on appeal are **DENIED** because the dismissal of the Petition is justified by a plain procedural bar, reasonable jurists would not find the ruling debatable, and Petitioner has not made a substantial showing of the denial of a constitutional right. The Clerk of the Court shall enter judgment denying and dismissing Petitioner's Amended Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254 (Doc. 22) with prejudice and terminate this action.

Dated this 6th day of November, 2020.

Douglas L. Rayes
United States District Judge